IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| XAVIER BRADLEY,<br><br>              Plaintiff,<br><br>v.<br><br>WORTHINGTON INDUSTRIES AND DHYBRID SYSTEMS,<br><br>              Defendants. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS COUNTERCLAIM**<br><br><br>Case No. 2:18-CV-00486-BSJ<br><br>District Judge Bruce S. Jenkins |

Before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaim ("Motion").[1] The Motion has been fully briefed by the parties, and the Court has considered the facts and arguments set forth in those filings. The Court elects to determine the Motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f). Having considered the parties' briefs, the evidence presented, and the relevant law, the Court hereby DENIES the Motion to Dismiss.

## BACKGROUND

Plaintiff Xavier Bradley ("Bradley") filed the instant lawsuit against Defendants Worthington Industries, Inc. and Dhybrid Systems ("Worthington") on June 18, 2018.[2] The complaint contained two claims for hostile work environment and unlawful retaliation in violation of 42 U.S.C. § 1981.[3] Worthington filed a motion to dismiss,[4] which the Court denied

---

[1] ECF No. 95.

[2] ECF No. 2.

[3] *Id.*

[4] ECF No. 19.

on March 11, 2019.[5] The Defendants subsequently filed their answer on April 1, 2019.[6] On May 7, 2019, the Court entered a scheduling order and set the deadline for Worthington to amend the pleadings for August 16, 2019.[7]

On December 19, 2019, Bradley moved to amend the complaint to add a claim for wrongful termination in violation of public policy, which the Court granted on February 4, 2020.[8] Worthington filed an answer and added a counterclaim for breach of the parties' settlement agreement on February 18, 2019.[9] Bradley subsequently filed the present Motion.

Bradley argues the counterclaim is untimely in violation of the scheduling order, Worthington cannot show good cause to amend the answer, and Worthington should have sought leave of the court to file the counterclaim.[10] Worthington argues the amended complaint required them to file a new answer, counterclaims are not independent pleadings subject to the scheduling order, and they had a right to add a counterclaim without seeking leave of the Court because Bradley changed the scope or theory of the case.[11]

## DISCUSSION

An amended complaint supersedes the original complaint and renders it of no legal effect. *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir.1977)). Federal Courts take varied approaches to deciding whether a defendant must seek leave of the court when adding a new counterclaim in response to an

---

[5] ECF No. 37.

[6] ECF No. 39.

[7] ECF No. 46.

[8] ECF No. 80, 82.

[9] ECF No. 83.

[10] ECF No. 95.

[11] ECF No. 99.

amended complaint. *Owners Ins. Co. v. Stahl*, No. 1:18-cv-00230, 2019 WL 5095711, at *5 (D. Colo. May 31, 2019) (citing *Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-cv-00139, 2013 WL 1194732, at *3 (D. Utah Mar. 22, 2013)).[12] Although the Tenth Circuit Court of Appeals does not appear to have spoken on the issue, several district courts in the Tenth Circuit have adopted the moderate approach.[13] The moderate approach permits counterclaims or affirmative defenses as of right when the amended complaint changes the theory or scope of the case. *Hydro Eng'g*, 2013 WL 1194732, at *3 (quoting *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd*, 205 F.3d 1347 (8th Cir. 2000)).

The Court finds Worthington was allowed to add a counterclaim as of right in response to the amended complaint. Here, Bradley's amended complaint added a claim for wrongful termination in violation of public policy.[14] Bradley argues that the new claim did not change the scope of the case enough to warrant a right to add a counterclaim, but rather expanded upon theories already contained in the original complaint.[15] Worthington counters that the new claim is based on new facts and expands the scope of liability.[16] The Court finds the amended complaint expanded the scope of the case because the new claim is based on different legal standards and founded in part on new factual footing. The wrongful termination claim requires the defense to discover facts and develop legal theories that are wholly different from the claims

---

[12] *Hydro Eng'g* discusses the permissive, narrow, and moderate approaches in detail. The permissive approach allows the defendant to amend the answer without leave, regardless of the scope of the complaint. The narrow approach only allows counterclaims as of right if they directly relate to the changes in the amended complaint. The moderate approach allows the defendant to plead anew as though they were responding to the original complaint filed by the plaintiff when the plaintiff changes the theory or scope of the case in the amended complaint.

[13] *See, e.g., Owners Ins. Co. v. Stahl*, No. 1:18-cv-00230, 2019 WL 5095711, at *5 (D. Colo. May 31, 2019); *Woods v. Nationbuilders Ins. Servs., Inc.*, No. 11-CV-02151, 2014 WL 1213381, at *1 (D. Colo. Mar. 24, 2014); *Hydro Eng'g, Inc. v. Petter Investments, Inc.*, No. 2:11-CV-00139, 2013 WL 1194732 (D. Utah Mar. 22, 2013).

[14] ECF No. 79.

[15] ECF No. 107.

[16] ECF No. 99.

for retaliation and hostile work environment. Additionally, the counterclaim for breach of the settlement agreement relates to the newly added claim for wrongful discharge. Bradley argues Worthington could have pled this claim initially and should not be allowed to add it at this late hour. However, the Court finds that although Worthington could have brought the counterclaim in its original answer, the addition of the wrongful discharge claim permits Worthington to bring the counterclaim now.

Further, Bradley argues he will be prejudiced by the new counterclaim because he has not yet conducted discovery into the damages associated with the claim.[17] When the Court granted the motion to amend the complaint at the hearing on February 4, 2020, the Court stated that Worthington would be allowed to conduct discovery into the new claim and scheduling deadlines would be altered.[18] The Court notes that Bradley indicated in a recent status report that discovery should be extended until August 31, 2020.[19]

## ORDER

The Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

DATED this 26 day of May, 2020.

Bruce S. Jenkins
United States Senior District Judge

---

[17] ECF No. 95.

[18] ECF No. 99, Exhibit A.

[19] ECF No. 98.

4